William C. Conkle (SB# 76103)
  *w.conkle@conklelaw.com*
Amy E. Burke (SB# 276699)
  *a.burke@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corfporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiff Moroccanoil, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC., a California corporation | CASE No. |
| Plaintiff, | COMPLAINT FOR: |
| v. | 1.  FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114] |
| AVON PRODUCTS, INC., a New York corporation and DOES 1 through 10, Inclusive | 2.  FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)] |
| Defendants. | 3.  COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION |
| | 4.  STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING [B&P CODE §§ 17200 & 17500] |
| | DEMAND FOR JURY TRIAL |

2522.231\9966

**INTRODUCTION**

1.      In January 2007, Moroccanoil introduced Moroccanoil Oil Treatment, a unique hair care product featuring argan oil to revitalize and replenish the hair. Moroccanoil Oil Treatment was a tremendous success and garnered recognition and praise from celebrities, runway stylists, and consumers across the United States. Moroccanoil expanded its product line to include a range of hair care and body care products, each packaged and advertised using the distinctive trademarks and trade dress consumers uniquely associate with Moroccanoil. Moroccanoil and its high-quality product line (the "Moroccanoil Products") are held in high esteem by professional stylists and consumers alike.

2.      Seeking to capitalize on Moroccanoil's success, Avon has introduced a line of hair treatment products purportedly containing argan oil (the "Avon Products") under the name "Moroccan Argan Oil," which Avon sells in packaging that is intentionally and deceptively similar to Moroccanoil's.  The Avon Products infringe Moroccanoil's trademarks and trade dress and create confusion among consumers.

**JURISDICTION AND VENUE**

3.      This action arises under and this Court has original jurisdiction pursuant to 15 U.S.C. § 1121 (Original Jurisdiction – Trademarks), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1338(a) (Original Jurisdiction – Patents and Trademarks), 28 U.S.C. § 1332 (Diversity of Citizenship), 28 U.S.C. § 1338(b) (Original Jurisdiction - Unfair Competition) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims occurred in this judicial

1  district, and because Defendant is subject to the Court's personal jurisdiction with
2  respect to this action. 28 U.S.C. § 1391(c)(2).

3

4  **THE PLAINTIFF**

5       5.     Moroccanoil, Inc. is a California corporation in good standing with the
6  California Secretary of State.  Its principal place of business is located in Los Angeles
7  County.  The term "Moroccanoil" as used herein shall include Moroccanoil, Inc., and
8  its predecessors.

9

10  **DEFENDANTS**

11      6.     On information and belief, Defendant Avon Products, Inc. ("Defendant" or
12  "Avon") is a New York corporation with a principal place of business located at 777
13  Third Avenue, New York, NY   10017.   Avon markets and sells its products
14  internationally, including in Los Angeles County, California.

15

16      7.     On information and belief there are other individuals who make, obtain,
17  distribute, supply and sell products in violation of law, and violate Moroccanoil's rights
18  as alleged herein, but Moroccanoil is ignorant of their true identity or complete role in
19  the alleged conduct and therefore sues them by the fictitious names DOES 1 to 10.
20  Moroccanoil is informed and believes that each of the defendants designated as a Doe is
21  liable in some manner for the acts and omissions, damages and injuries of which
22  Moroccanoil alleges in this Complaint.  Moroccanoil will seek to amend this Complaint
23  to state the true identities of Does 1 through 10 when ascertained.  Avon and the Doe
24  Defendants are referred to collectively as "Defendants."

25

26      8.     On information and belief each of the Defendants were at all relevant times
27  acting to the fullest extent recognized by law as the agent, employee or co-conspirator
28  of each of the other Defendants, and that in committing the acts and omissions alleged

1   herein and causing the damage and injuries alleged, were acting within the scope of
2   such agency, employment or conspiracy.  The Defendants have committed acts in
3   furtherance of the conspiracy, have given aid and encouragement to their co-
4   conspirators and have ratified and adopted the acts of their co-conspirators.

6       9.      On information and belief there exists, and at all times mentioned there
7   existed, a unity of interests and ownership between individual Defendants and business
8   entity defendants such that any individuality and separateness between the individual
9   and businesses never existed or has ceased to exist, and each Defendant is in each
10  instance the alter ego of the other Defendants who control all such entities.  To adhere
11  to the fiction of the Defendant entities as having existence as separate and distinct from
12  the individual Defendants or from those with them and who owned and controlled them
13  would permit an abuse of the corporate and other entity privileges, would sanction
14  fraud, and would promote injustice.

16              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18              **THE MOROCCANOIL PRODUCTS**
19      10.     Moroccanoil distributes a line of hair care products utilizing
20  Moroccanoil's distinctive trademarks and trade dress.  A true and correct color
21  photograph of Moroccanoil's flagship Moroccanoil Oil Treatment product is shown
22  below.

**Moroccanoil Oil Treatment**



11.     The Moroccanoil Products include Moroccanoil Oil Treatment, Hair Masks (Intense Hydrating Mask, Restorative Hair Mask, Weightless Hydrating Mask), Hair Conditioners (Hydrating, Moisture Repair and Extra Volume) and Shampoos (Clarifying, Hydrating, Moisture Repair and Extra Volume).

12.     Moroccanoil Products are sold online through Moroccanoil's website, and in professional salons and beauty schools.

## MOROCCANOIL'S TRADEMARKS AND TRADE DRESS

13.     Moroccanoil Products bear one or more trademarks ("Moroccanoil Trademarks") which are federally registered in Class 3 on the principal register of the United States Patent and Trademark Office ("USPTO"), including:

(a)     the word "Moroccanoil" - USPTO Registration No. 3,478,807;

2522.231\9966

-4-

1          (b)    "M Moroccanoil Design" - with the word Moroccanoil in white

2  vertical lettering next to the letter M in copper orange on a turquoise blue background,

3  USPTO Registration No. 3,684,910; and

4

5          (c)    "M Moroccanoil Design" - with the word Moroccanoil in white

6  horizontal lettering through the letter M in copper orange on a turquoise blue

7  background, USPTO Registration No. 3,684,909.

8

9        14.    Since 2007, Moroccanoil has continuously used the Moroccanoil

10  Trademarks in commerce in the United States.  As a result of its success, Moroccanoil

11  has built goodwill and value in the Moroccanoil Trademarks such that consumers

12  associate them exclusively with Moroccanoil.

13

14        15.    The packaging in which Moroccanoil sells its products (the "Moroccanoil

15  Trade Dress") has acquired secondary meaning and has become exclusively associated

16  with Moroccanoil in the eyes of consumers.  The Moroccanoil Trade Dress is the

17  overall appearance of the Moroccanoil Products' packaging and advertising, including

18  but not limited to each of the following elements individually and in combination with

19  one another: a distinctive turquoise blue color; white lettering, graphics and background

20  design elements on a turquoise blue background; and an amber glass bottle packaged in

21  a rectangular turquoise blue box.  The Moroccanoil Trade Dress is non-functional and

22  has been in use in commerce since at least as early as January 2007.

23

24                  **DEFENDANTS' INFRINGING PRODUCTS**

25        16.    The packaging of the Avon Products infringes the Moroccanoil

26  Trademarks and misappropriates the Moroccanoil Trade Dress.  The turquoise blue

27  used with the Avon Products is virtually identical to Moroccanoil's distinctive

28

turquoise blue.  All products in the Avon Products line feature the words "Moroccan Argan Oil" prominently in the center of the product package.

17.    Moreover, Avon's Leave-in Treatment ("Avon Moroccan Argan Oil Treatment") is packaged in a golden glass bottle which is enclosed in a turquoise blue box.  The Avon Moroccan Argan Oil Treatment bottle uses turquoise blue design features, including a turquoise blue bar across the top of the bottle with white text, a turquoise blue droplet graphic, and a turquoise blue cap.  The Avon Moroccan Argan Oil Treatment blatantly copies the distinctive, source-identifying features of Moroccanoil's flagship Moroccanoil Oil Treatment product.  Below is a true and correct image of the Avon Moroccan Argan Oil Treatment.

**Avon Moroccan Argan Oil Treatment**



-6-
COMPLAINT

18.   The Avon Products include Avon Moroccan Argan Oil Treatment, Moroccan Argan Oil Mask, Moroccan Argan Oil Conditioner and Moroccan Argan Oil Shampoo.

19.   On information and belief, the Avon Products are sold online as well as through Avon sales representatives.

20.   The similarities between the Moroccanoil Products and the Avon Products are far too striking to be mere coincidence.  Defendants willfully and intentionally misappropriate the Moroccanoil Trademarks and the Moroccanoil Trade Dress.

## FIRST CLAIM FOR RELIEF
## FOR TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
## (AGAINST ALL DEFENDANTS)

21.   Moroccanoil incorporates and realleges paragraphs 1 through 20 of this Complaint.

22.   Moroccanoil owns the federally registered Moroccanoil Trademarks, including Registration No. 3,478,807 for MOROCCANOIL.   Defendants have infringed this trademark by using "Moroccan Argan Oil" for advertising, distribution and sale of the Avon Products without Moroccanoil's authorization.

23.   Defendants' use of "Moroccan Argan Oil" and their sale and advertising of the Avon Products have a substantial effect on interstate commerce, have caused consumer confusion, and are likely to continue to cause consumer confusion and to deceive the public into believing that the Avon Products originate from and are authorized by Moroccanoil.

24.     On information and belief, Defendants have committed these acts of infringement with the intent to cause confusion and mistake and to deceive the public into believing that Moroccanoil makes, sponsors or endorses the Avon Products.

25.     As a direct and proximate result of Defendants' unlawful acts alleged herein, including infringement of the Moroccanoil Trademarks, Moroccanoil has suffered and will continue to suffer injury to its business, goodwill and property.

26.     As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

27.     Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

28.     Moroccanoil has no adequate remedy at law.   Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer irreparable harm.

29.     On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, the Moroccanoil Trademarks, the Moroccanoil

Trade Dress and the Moroccanoil Products, and to cause injury to Moroccanoil.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

## SECOND CLAIM FOR RELIEF
## FOR FEDERAL TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125
## (AGAINST ALL DEFENDANTS)

30.     Moroccanoil incorporates and realleges paragraphs 1 through 20 of this Complaint.

31.     The Moroccanoil Trade Dress has acquired secondary meaning and is uniquely associated with Moroccanoil in the minds of consumers.

32.     Defendants' use of a virtually identical turquoise blue and other similar trade dress elements for the packaging of Avon Products infringes the Moroccanoil Trade Dress by confusing and deceiving consumers as to the source or sponsorship of the Avon Products.  Defendants' conduct constitutes infringement of Moroccanoil's unregistered trademarks and unfair competition in violation of 15 U.S.C. § 1125(a).

33.     Defendants' acts have caused and will continue to cause Moroccanoil to suffer injury to its business, goodwill and property.

34.     As a proximate result of Defendants' wrongful conduct, Defendants have been unjustly enriched while Moroccanoil has suffered damages of a nature and in an amount according to proof at trial.

35.    Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

36.    Moroccanoil has no adequate remedy at law.   Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer irreparable harm.

37.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Moroccanoil, the Moroccanoil Trademarks, the Moroccanoil Trade Dress and the Moroccanoil Products, and to cause injury to Moroccanoil.   As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

**THIRD CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT AND**
**UNFAIR COMPETITION**
**(AGAINST ALL DEFENDANTS)**

38.    Moroccanoil incorporates and realleges paragraphs 1 through 20 of this Complaint.

39.     Defendants' actions constitute infringement of Moroccanoil's common law rights in the Moroccanoil Trademarks and the Moroccanoil Trade Dress, and will confuse and deceive the public concerning the source, affiliation or sponsorship of the Avon Products.

40.     In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of Moroccanoil's rights.

41.     On information and belief, Defendants' acts and omissions as alleged herein were committed knowingly, intentionally and willfully with the intent to trade on Moroccanoil's goodwill in the Moroccanoil Products, the Moroccanoil Trademarks and the Moroccanoil Trade Dress.

42.     Moroccanoil demands and is entitled to an accounting from each Defendant, including all information necessary to permit Moroccanoil to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

43.     Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer irreparable harm.

44.     On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the

1    reputation and goodwill of Moroccanoil, the Moroccanoil Trademarks, the Moroccanoil
2    Trade Dress and the Moroccanoil Products, and to cause injury to Moroccanoil.
3    Moroccanoil should be awarded punitive damages.

4

5                        **FOURTH CLAIM FOR RELIEF**
6                   **FOR STATUTORY UNFAIR COMPETITION**
7                        **AND FALSE ADVERTISING**
8          **UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500**
9                     **(AGAINST ALL DEFENDANTS)**

10        45.    Moroccanoil incorporates and realleges paragraphs 1 through 20 of this
11   Complaint.

12

13        46.    Defendants' actions constitute infringement of Moroccanoil's common
14   law rights in the Moroccanoil Trademarks and Moroccanoil Trade Dress.

15

16        47.    Defendants' unfair business practices, acts of infringement and misleading
17   advertising practices as herein alleged are in violation of California Business and
18   Professions Code, Section 17200, *et seq*., and California Business and Professions
19   Code, Section 17500, *et seq*.

20

21        48.    In performing the acts and unfair business practices alleged, Defendants
22   are engaging in unlawful and unfair competition in violation of Moroccanoil's rights.
23   Defendants have obtained revenue and profit by their acts of unfair competition and
24   they should be ordered to disgorge all such revenue and profit.  Defendants will
25   continue such unfair and fraudulent business practices unless and until they are
26   restrained.

27

28

2522.231\9966

49.     Moroccanoil has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Moroccanoil that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Moroccanoil Trademarks and Moroccanoil Trade Dress, Moroccanoil will continue to suffer irreparable harm.

## PRAYER

**WHEREFORE**, Moroccanoil prays for judgment as follows:

1.      For preliminary and permanent injunctive relief against all Defendants, and each of them, and their officers, agents, attorneys, representatives and assigns, and all persons acting in active concert or participation with them, from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

(a)     Infringing any trademark, trade dress or other intellectual property right owned or controlled by Moroccanoil;

(b)     Causing a likelihood of confusion, deception, or mistake as to the source, nature, or quality of Moroccanoil's goods or causing confusion, deception or mistake as to the source, nature or quality of Defendants' goods;

(c)     Using any false designation of origin or false representation concerning any of Defendants' goods; and

    (d) Violating any statute, decision, rule or regulation of any governmental entity in the course of the offering, disposition or sales of any of the Avon Products;

   2. For an order directing Defendants, and each of them, to file with this Court and serve on Moroccanoil within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

   3. For an order requiring Defendants, and each of them, to deliver to Moroccanoil all products, literature, advertising, and other material bearing any infringing trademarks or a use of any trademark constituting federal, California state or common law unfair competition;

   4. For an order requiring Defendants to account for all sales and transfers of any of the Avon Products, including an order that they submit to Moroccanoil immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of the Avon Products;

   5. For an accounting from each Defendant of all profits, monies and advantages that Defendants have obtained by reason of their wrongful conduct;

   6. For damages in an amount according to proof at trial and trebled as permitted by law;

   7. For an order requiring that all gains, profits, or advantages derived by Defendants by their wrongful conduct be disgorged to Moroccanoil to the fullest extent allowed by law;

1         8.     For punitive and exemplary damages in an amount sufficient to punish

2 defendants and defer such conduct in the action;

3

4         9.     For attorneys' fees;

5

6       10.     For costs; and

7

8       For such other and further relief as the Court deems just and proper.

9

10 Dated:  October 9, 2012              William C. Conkle

11                                Amy E. Burke, members of

12                                CONKLE, KREMER & ENGEL
                               Professional Law Corporation

13

14

15              By: _____

16                         William C. Conkle
                        Attorneys for Plaintiff Moroccanoil, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff Moroccanoil, Inc. demands trial by jury of all issues triable to a jury.

Dated:  October 9, 2012

William C. Conkle
Amy E. Burke, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: _____
William C. Conkle
Attorneys for Plaintiff Moroccanoil, Inc.